UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § Plaintiff, § § v. § § MATTHEW D. SAMPLE, § § § § Defendants § § | Case No.: 3:14-CV-01218-B |

JUDGMENT AS TO DEFENDANT
MATTHEW D. SAMPLE

The Securities and Exchange Commission having filed a Complaint and Matthew D. Sample ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over the Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate

commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1), (2) and (4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1), (2) and (4)] and Rule 206(4)-8 thereunder [15 U.S.C. § 275.206(4)-8], by the use of the mails or any means or instrumentality of interstate commerce:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client;

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

(c) to engage in any act, practice, or course of business that is fraudulent, deceptive or manipulative; or

(d) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle.

IV.

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Defendant and Defendant's agents, servants, employees, attorneys, and all other persons in active concert or participation with him, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from directly or indirectly soliciting or accepting funds from any person or entity for any unregistered offering of securities.

V.

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-17], and if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from June 25, 2012, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Defendant Matthew D. Sample be incorporated herein with the same force and effect as if fully set forth herein, and that the Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment as to Defendant Matthew D. Sample, forthwith and without further notice.

Dated: April 7, 2014

_____
UNITED STATES DISTRICT JUDGE